

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

Anthony S. Cacace
Attorney at Law
d 212.969.3307
f 212.969.2900
acacace@proskauer.com
www.proskauer.com

August 14, 2014

**_By UPS Next Day Air_**

Ms. Margaret Doran
5 Circuit Road, Apt. 33
New Rochelle, New York 10805

Re:   _Doran Litigation_, 14-cv-01672 (S.D.N.Y.) (CS)

Dear Ms. Doran:

As you know, we are counsel to all defendants in the above-referenced matter (the "Action"), including Michael Edmonds and the Local 813 and Local 1034 Severance and Retirement Trust Fund (the "Severance Fund").

Pursuant to the Court's instruction to "send [you] a letter explaining all calculations in plain English," we write to explain that: (i) the Severance Fund has timely distributed all of the benefits due to you; and (ii) the Local 813 Pension Trust Fund (the "Pension Fund") will distribute the pension benefits due to you pursuant to the terms of the Qualified Domestic Relations Order and terms of the plan when you become eligible to receive those benefits (as explained below).

**The Qualified Domestic Relations Orders**

According to the Qualified Domestic Relations Orders (the "QDROs") issued in connection with your divorce from Hugh Doran, you are entitled to receive a portion of the benefits payable to Mr. Doran from the Severance Fund and the Pension Fund. Attached as Exhibit 1 are copies of the QDROs. As relevant here, the QDROs for the Severance Fund and the Pension Fund both provide:

- You are entitled to one-half (50%) of Mr. Doran's benefits from the Pension Fund and the Severance Fund, "accrued as of the date either party commences benefits, multiplied by a fraction, the numerator of which is the number of years, partial years and/or months of credited <u>service earned during the marriage</u>, from May 5, 1984 to January 12, 2004; and the denominator of which is the total number of years, partial years and/or months of credited service earned as of the date either party commences benefits or other termination of employment." (Emphasis added.) _Put simply, the benefits payable to you from both Funds are calculated by taking one-half of Mr. Doran's benefit_

**Proskauer**

Ms. Margaret Doran
August 14, 2014
Page 2

> *during the period that you were married to Mr. Doran, and excluding all credit earned by him during periods you were not married to Mr. Doran.*

- Both QDROs provide that a distribution to the Alternate Payee of the amount provided for by the QDROs shall commence <u>at the Alternate Payee's request</u> on or after the Participant's attainment of the earliest retirement age as that term is defined in Section 414(p)(4)(B) of the Code, but not later than the date the [Mr. Doran] starts receiving benefits. *Put simply, it is your responsibility to request payment from the Funds pursuant to the QDROs at the appropriate time. It is not the responsibility of the Funds to contact you to alert you to the fact that you may be entitled to receive benefits.*

**The Severance Fund**

The benefits due to you from the Severance Fund as an Alternate Payee were timely paid in full. You are not entitled to any additional money from the Severance Fund.

As you know, Mr. Doran received a lump sum benefit from the Severance and Retirement Fund in the amount of $19,888.00 ($24,860, less taxes in the amount of $4,972). A copy of the check paid to Mr. Doran on September 2, 2009 is attached as Exhibit 2.

A portion of Mr. Doran's Severance Fund benefit was previously paid to you on October 20, 2009. In particular, you were provided with a check in the amount of $15,262 ($19,078 less taxes in the amount of $3,816). A copy of the check paid to you on October 20, 2009 is attached as Exhibit 3. As you can see, the amount paid to your from the Severance Fund is less than 50% of the entire severance benefit payable on behalf Mr. Doran. The reason that it is less than 50% of the entire severance benefit is that, as explained above, the amount of the benefit payable to you is adjusted to account for credits Mr. Doran earned during the period when you were no longer married to him. The calculations resulting in the payment of benefits from the Severance Fund to Mr. Doran and you are clearly set forth in the memorandum dated August 18, 2009. A copy of that memorandum is attached as Exhibit 4.

We understand that you believe that you should have received your severance check ten days after Mr. Doran received his check. As noted above, Mr. Doran's check was dated September 2, 2009. Your check was dated October 20, 2009. You were entitled to receive your benefit only after making an application to the Severance Fund, as required by the QDRO described above. In this case, your application for your severance benefits was received by the Severance Fund on October 13, 2009, and you were timely provided with a severance check seven days later on October 20, 2009. In short, you have been paid on a timely basis all of the benefits due to you from the Severance Fund.

Lastly, you expressed confusion as to why Mr. Doran did not immediately collect his severance benefit upon termination of employment in 2006. Mr. Doran received his severance benefit on September 2, 2009 because he did not file his application for benefits with the Severance Fund until August 13, 2009. The terms of the Severance Fund plan document do not

Proskauer»

Ms. Margaret Doran
August 14, 2014
Page 3

require Mr. Doran to take his severance benefit in a lump sum immediately after termination of employment. In fact, because Mr. Doran waited approximately three years to take his lump sum severance payment, his benefit accrued interest from the date he was eligible until the date he received his benefit (as reflected on Exhibit 4).

**The Pension Fund**

You may commence receiving your benefit from the Pension Fund on or after Mr. Doran reaches his earliest retirement age under the Pension Plan. (*See* Section 2(b) of the Pension Fund QDRO (summarized above) and Section 414(p)(4) of the Internal Revenue Code.) In Mr. Doran's case, his earliest retirement age under the Pension Plan is age 55, as explained on pages 11-16 of the Pension Fund summary plan description ("SPD"). A copy of the SPD is attached as Exhibit 5.

Once Mr. Doran reaches his earliest retirement age, you must file an application with the Pension Fund to commence your portion of the Pension Fund benefit. Based on the Pension Fund's records, Mr. Doran will reach age 55 in the year 2017. There are no circumstances under which you may commence your portion of the Pension Fund benefit before Mr. Doran attains age 55. As previously explained to you, a participant's earliest retirement age may be earlier than age 55 in cases where the participant was disabled on the job. Because Mr. Doran was not disabled on the job, and is currently no longer on the job, that plan provision has no application here.

**Other Issues**

First, you have referred to a conference you had with Mr. Frumkin during which you stated that Mr. Frumkin calculated a shortage of $2,891 in your Severance Fund benefit. Without an explanation as to how Mr. Frumkin arrived at this alleged "shortage," the Severance Fund is unable to respond this allegation. However, as explained above, the Severance Fund is confident that you received the correct amount.

Second, you have demanded that the Funds produce to you a copy of an unidentified "collective bargaining agreement" (the "CBA"). Although the Funds are unclear as to the document you are requesting, they are confident that there is no CBA that would alter the outcome of the issues you have presented.

Third, you have referred to a court order from the Honorable Vincent L. Briccetti (attached as Exhibit 6) that denied your order to show cause to support for your allegations that you were not paid the correct amount from the Funds. The only legal conclusion reached by Judge Briccetti in the order was that you failed to meet your burden to show irreparable harm and, for that reason, the court denied your order to show cause. The first several pages of the Judge's order was merely a restatement of the facts as you alleged them, not an opinion as to whether the facts you alleged were true or correct. The order did result in any decisions by this Court that are beneficial to your case.

Proskauer»

Ms. Margaret Doran
August 14, 2014
Page 4

      We hope that the information provided in this letter (and the attachments) addresses all of your concerns and persuades you to withdraw your complaint.

Sincerely,

Anthony Cacace

Enclosures

cc    The Honorable Cathy Seibel (w/enclosures by UPS Next Day Delivery & Email)