August 26, 2014

Honorable Vincent Briceatti
300 Quarropas Street
(Rm630) White Plains, NY
10601

RECEIVED
AUG 2 6 2014
U.S.D.C.
W.P.

Dear Judge Briccetti,

Im requesting clarification on
your decision. I'm Plaintiff Pro-See
Case 141672 (CS). It was under
your Jurisdiction on 3/19/14. It
was transferred to Judge Cathy Siehle
due to Identical Case. The Defendants
Preskauer Rose LLC (Mr Anthony Cacace
Attorney for the Defendants is stating
your decision doesn't hold water.
I understand my motion was
denied because of irreparable harm
(no emergency) however, you stated
I can be compensated at the end
of the trial through money damages,
(please see attached copy of your decision).
At the August 1st conference I stated

that I did not want to drop the
Defendants because they are involved
in my case with proof and they
are not in compliance with my
Qualified Domestic Relations order.
I mailed Fed-Ex answer to Mr. Cacace
on 8/22/14 and filed          Thank-you
with Court 8/22/14            Sincerely
Amended Complaint-I           Margaret Doran
didnt Know this term          5 Circuit Road A33
being Pro-Se                  New Rochelle, N.Y.
                                          10805

8/22/14

14-1672 (CS)

"*Amended Complaint*"

Margaret Doran, Plaintiff

    against

Proskauer Rose, LLP; Russell L. Hirschhorn, Esq.; Amber Ward, Esq.;
Local 813/1034 Severance & Retirement Trust Fund; Michael Edmonds

Dear Mr. Cacace,

    I'm writing in plain English. My case has suffered from a "lack of transparency" on the Defendant's part.

    Firstly, Mr. Frumpkin is in the process of mailing me the calculation he derived, which is a shortage in the amount of $2,891. When I receive it, I will forward it to you and the court.

    Secondly, you stated that Judge Bricetti's decision did not hold water. I, acting as plaintiff pro-se, and not having a pro bono attorney. To be considerate, I'm letting you know that I'm meeting with Judge Bricetti to verify what you stated, and so he can clarify his decision. Yes, my order to show cause was denied because I failed to show irreparable harm (an emergency), however, Judge Bricetti said I can recover compensatory damages for unpaid benefits under ERISA (see last paragraph, pages 3/4 of JVB Decision Ex 1). Moreover, I can also recover attorney fees of $4,150, a shortage of $2,891, and pension that can be compensated at the end of the trial through money damages. Also, Judge Bricetti stated that Mr. Hirschhorn contradicts himself and says one thing and means another, which is a fact - September 2, 2009 earliest retirement age, in which Mr. Hirschhorn discussed plaintiff's rights under S+R Fund (see page 2 of JVB Decision Ex 1).

    Thirdly, I need to know why Mr. Edmonds told me to "get a lawyer." Please ask your client that question. I have been trying to get an answer/explanation for approximately two years. I can only come to the conclusion that (1) the file was 'missing in action', (2) Mr. Edmonds saw a severance check issued to Hugh Doran on April 30, 2006 (see Ex 2), (3) Mr. Edmonds did not see my QDROs on file, which my divorce attorney Ms. Candice Fulop mailed to Local 813 to Ms. Parra in October 2005 (see Ex 3). Mr. Cacace, if you did your homework on my case, since 2011, my timeline has not changed. I have facts and proof of discrepancies and inconsistencies. Mr. Edmonds saw or didn't see something. When Mr. Edmonds told me to get a lawyer, I knew something was wrong, hence (see separation/div paper Ex 4) Hugh Doran

RECEIVED
J0 22 2014
U.S. S.D.
WP

14-1672 (CS)

never wanted me to get half of his pension. He retained a Local 813 attorney,
Ms. Sophia Trott, to represent him on the divorce. As you can see by reading this
document, the attorney and my former husband gave the court and my attorney, Candice
Fulop, a hard time with getting the needed information on the pension and QDROs.
Ms. Fulop could not get any information at the time of the divorce (please see Ex 4, Ex
5). Pension worth as stated by Hugh Doran which is not true. My husband was a long
time vested employee and shop steward, and Sophia Trott had much influence on
Suburban Carting's staff at that time, and with proof of these two documents and Mr.
Edmonds telling me to get a lawyer, something doesn't jive.

The company, Local 813, is responsible and liable to "notify" me with a mailed
application when Hugh Doran, participant, commences a benefit (see page 5, paragraph 6
of pension QRDO). Even after seeing him with concerns in 2007, Mr. Edmonds failed to
mail me an application within ten days of Hugh Doran commencing a check, which is a
breach of contract. Due to this, I had to retain Mr. Noto, Esq., which cost me $750. I'm
disabled (permanently) with no employment.

According to my divorce attorney, Candice Fulop, there are reasons why a QDRO
is drawn in a divorce. It entitles the former spouse to a percentage of the participant's
benefits through a Divorce Decree/QDRO. This is sent directly to the company and put in
the employee/participant's file so the pension and retirement fund is aware the alternate
payee is notified with an application when the participant commences a check.

Hence, I wouldn't have received my benefit until today if I didn't retain Mr. Noto,
which proves a point and fact that my QDROs are not in compliance with. A breach of
contract was made and it was a violation of my Divorce Decree.

In addition, I have requested a copy of my former husband's severance check.
I received from Ms. Amber Ward a blank "whited-out" check (which leads to what was
under the white-out?), followed by a redacted check one week later. Due to this
inappropriate correspondence that even a twelve year old would be skeptical of, I would
like an outside audit to be done if I cannot see Hugh Doran's pension file or Collective
Bargaining Agreement. As an alternate payee of a QDRO, I'm entitled to know what my
former husband received, especially when there are inconsistencies and a shortage, as
well as knowledge from my brother, Michael Gallagher, that Hugh Doran
received $69,000 in 2009. Michael also worked for Local 813, moved to Florida (where
Hugh Doran resides) in 2005, and was mailed a severance check one month later and
received pension annuity checks one year later. In 2006, my brother was 52 years old.
The receiving of the whited-out check and the April 30, 2006 severance date
(see attached Ex   ), which I was not notified of, needs more of an explanation.

14-1672 (CS)

In conclusion, I want what I'm entitled to as alternate payee of a QDRO and my rights under the Divorce Decree. Regardless, I will still pursue my case without prejudice that it is my given right and stipulated in my QDROs if something is "clearly wrong" and transparent. I'm requesting compensation as stated in Judge Bricetti's decision, of the shortage of $2,891, attorney fees of $4,150 and pension.

I have been through a lot of physical exhaustion and financial hardship and grief, and it would be in the Defendant's best interest to settle with me.

3/25/14

(misunderstanding)

MARGARET DORAN

-VS-

I filed my amended
Complaint on 8/22/14
to Mr.
Cacace  Margaret Doran

14-1672 (CS

PROSKAUER Rose LLP

MICHAEL EDMON

Archer Ward +

Local 813 / Pension

and Severance Fund

R E C E I V E D

AUG 25 2014

U.S.D.C.
W.P.

5 Circuit Road #3

New Rochelle, N.Y.
10805

(914) 374-9961
cell

Dear Judge Seibel,

The Amended complaint is due

8/25/14.  I hereby request an

extension of time to file my

amended complaint, respectfully

until Friday, Aug 29th 2014. I

had a family emergency, and I do

not own a computer. I thought I

only had to send Mr. Cacace my

response by 8/25/14. I do not recall

you asking for an amended complaint.

Thank-you very much, Margaret

Doran

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARGARET DURAN,
                Plaintiff,

v.

PROSKAUER ROSE LLP, RUSSELL
HIRSCHHORN, ESQ., AMBER WARD,
ESQ., LOCAL 813 & 1034 SEVERANCE
AND RETIREMENT TRUST FUND, and MR.
MICHAEL EDMONDS,
                Defendants.
------------------------------------------------------------x

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:**_____
**DATE FILED:**___3-19-14___

<u>**ORDER OF SERVICE**</u>

14 CV 1672 (VB)



Briccetti, J.:

      Plaintiff, proceeding <u>pro</u> <u>se</u> and <u>in</u> <u>forma</u> <u>pauperis</u>, brings this action under the Employee

Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140, alleging defendants erroneously

denied her severance and pension benefits.  Plaintiff filed a proposed order to show cause with

her complaint, seeking to recover her severance and pension benefits and attorneys' fees.  The

Court denies plaintiff's proposed order to show cause and directs service on defendants.

## BACKGROUND

      Plaintiff's ex-husband, Hugh Doran, was an employee at Suburban Carting Corporation

and a member of Local 813.  As part of their 2005 divorce, plaintiff and her ex-husband

negotiated a Qualified Domestic Relations Order ("QDRO"), which set forth plaintiff's rights as

an alternate payee to her ex-husband's severance and pension plans.  Plaintiff alleges she spoke

with defendant Michael Edmonds in August 2007, and he informed her Mr. Doran was

terminated by Local 813 in November 2006 and advised her to "get a lawyer" to address her

questions about her alternate payee benefits.  Plaintiff hired an attorney in October 2009 to

inquire about her severance benefits under the Severance and Retirement Trust Fund ("S&R

1

In her complaint and proposed order to show cause, plaintiff requests (i) payment of $2,891, which is the alleged unpaid portions of her severance benefit, (ii) payment of her pension benefit, and (iii) $4,150 in attorneys' fees.

## DISCUSSION

I.    Order to Show Cause

A party seeking preliminary injunctive relief must demonstrate: "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc., 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted). "A showing of irreparable harm is 'the single most important prerequisite for the issuance of a preliminary injunction.'" Faiveley Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009) (quoting Rodriguez v. DeBuono, 175 F.3d 227, 234 (2d Cir. 1999)). The Second Circuit has made clear "that '[t]o satisfy the irreparable harm requirement, [p]laintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm.'" Id. (quoting Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007) (alterations in original, emphasis added)).

Plaintiff has failed to make a showing of irreparable harm. Because plaintiff is seeking only compensatory damages and attorney's fees, any harm she may suffer is purely economic and can be compensated at the end of the trial through money damages. See Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 103 (2d Cir. 2005) (no irreparable harm since plaintiff could

3

submit a written notification to the Court if plaintiff's address changes, and the Court may

dismiss the action if plaintiff fails to do so.

**CONCLUSION**

The Court denies plaintiff's application for an order to show cause. The Clerk is

instructed to send plaintiff one U.S. Marshals Service Process Receipt and Return form for each

defendant so they may be served as provided.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an

appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated:  March 19, 2014
        White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge



Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

Anthony S. Cacace
Attorney at Law
d 212.969.3307
f 212.969.2900
acacace@proskauer.com
www.proskauer.com

August 14, 2014

**_By UPS Next Day Air_**

Ms. Margaret Doran
5 Circuit Road, Apt. 33
New Rochelle, New York 10805

Re:   _Doran Litigation_, 14-cv-01672 (S.D.N.Y.) (CS)

Dear Ms. Doran:

As you know, we are counsel to all defendants in the above-referenced matter (the "Action"), including Michael Edmonds and the Local 813 and Local 1034 Severance and Retirement Trust Fund (the "Severance Fund").

Pursuant to the Court's instruction to "send [you] a letter explaining all calculations in plain English," we write to explain that: (i) the Severance Fund has timely distributed all of the benefits due to you; and (ii) the Local 813 Pension Trust Fund (the "Pension Fund") will distribute the pension benefits due to you pursuant to the terms of the Qualified Domestic Relations Order and terms of the plan when you become eligible to receive those benefits (as explained below).

**The Qualified Domestic Relations Orders**

According to the Qualified Domestic Relations Orders (the "QDROs") issued in connection with your divorce from Hugh Doran, you are entitled to receive a portion of the benefits payable to Mr. Doran from the Severance Fund and the Pension Fund. Attached as Exhibit 1 are copies of the QDROs. As relevant here, the QDROs for the Severance Fund and the Pension Fund both provide:

- You are entitled to one-half (50%) of Mr. Doran's benefits from the Pension Fund and the Severance Fund, "accrued as of the date either party commences benefits, multiplied by a fraction, the numerator of which is the number of years, partial years and/or months of credited <u>service earned during the marriage</u>, from May 5, 1984 to January 12, 2004; and the denominator of which is the total number of years, partial years and/or months of credited service earned as of the date either party commences benefits or other termination of employment." (Emphasis added.) _Put simply, the benefits payable to you from both Funds are calculated by taking one-half of Mr. Doran's benefit_

Proskauer≫

Ms. Margaret Doran
August 14, 2014
Page 2

> *during the period that you were married to Mr. Doran, and excluding all credit earned by him during periods you were not married to Mr. Doran.*

- Both QDROs provide that a distribution to the Alternate Payee of the amount provided for by the QDROs shall commence <u>at the Alternate Payee's request</u> on or after the Participant's attainment of the earliest retirement age as that term is defined in Section 414(p)(4)(B) of the Code, but not later than the date the [Mr. Doran] starts receiving benefits. *Put simply, it is your responsibility to request payment from the Funds pursuant to the QDROs at the appropriate time. It is not the responsibility of the Funds to contact you to alert you to the fact that you may be entitled to receive benefits.*

## The Severance Fund

The benefits due to you from the Severance Fund as an Alternate Payee were timely paid in full. You are not entitled to any additional money from the Severance Fund.

As you know, Mr. Doran received a lump sum benefit from the Severance and Retirement Fund in the amount of $19,888.00 ($24,860, less taxes in the amount of $4,972). A copy of the check paid to Mr. Doran on September 2, 2009 is attached as Exhibit 2.

A portion of Mr. Doran's Severance Fund benefit was previously paid to you on October 20, 2009. In particular, you were provided with a check in the amount of $15,262 ($19,078 less taxes in the amount of $3,816). A copy of the check paid to you on October 20, 2009 is attached as Exhibit 3. As you can see, the amount paid to your from the Severance Fund is less than 50% of the entire severance benefit payable on behalf Mr. Doran. The reason that it is less than 50% of the entire severance benefit is that, as explained above, the amount of the benefit payable to you is adjusted to account for credits Mr. Doran earned during the period when you were no longer married to him. The calculations resulting in the payment of benefits from the Severance Fund to Mr. Doran and you are clearly set forth in the memorandum dated August 18, 2009. A copy of that memorandum is attached as Exhibit 4.

We understand that you believe that you should have received your severance check ten days after Mr. Doran received his check. As noted above, Mr. Doran's check was dated September 2, 2009. Your check was dated October 20, 2009. You were entitled to receive your benefit only after making an application to the Severance Fund, as required by the QDRO described above. In this case, your application for your severance benefits was received by the Severance Fund on October 13, 2009, and you were timely provided with a severance check seven days later on October 20, 2009. In short, you have been paid on a timely basis all of the benefits due to you from the Severance Fund.

Lastly, you expressed confusion as to why Mr. Doran did not immediately collect his severance benefit upon termination of employment in 2006. Mr. Doran received his severance benefit on September 2, 2009 because he did not file his application for benefits with the Severance Fund until August 13, 2009. The terms of the Severance Fund plan document do not

Proskauer≫

Ms. Margaret Doran
August 14, 2014
Page 3

require Mr. Doran to take his severance benefit in a lump sum immediately after termination of employment. In fact, because Mr. Doran waited approximately three years to take his lump sum severance payment, his benefit accrued interest from the date he was eligible until the date he received his benefit (as reflected on Exhibit 4).

**The Pension Fund**

You may commence receiving your benefit from the Pension Fund on or after Mr. Doran reaches his earliest retirement age under the Pension Plan. (*See* Section 2(b) of the Pension Fund QDRO (summarized above) and Section 414(p)(4) of the Internal Revenue Code.) In Mr. Doran's case, his earliest retirement age under the Pension Plan is age 55, as explained on pages 11-16 of the Pension Fund summary plan description ("SPD"). A copy of the SPD is attached as Exhibit 5.

Once Mr. Doran reaches his earliest retirement age, you must file an application with the Pension Fund to commence your portion of the Pension Fund benefit. Based on the Pension Fund's records, Mr. Doran will reach age 55 in the year 2017. There are no circumstances under which you may commence your portion of the Pension Fund benefit before Mr. Doran attains age 55. As previously explained to you, a participant's earliest retirement age may be earlier than age 55 in cases where the participant was disabled on the job. Because Mr. Doran was not disabled on the job, and is currently no longer on the job, that plan provision has no application here.

**Other Issues**

First, you have referred to a conference you had with Mr. Frumkin during which you stated that Mr. Frumkin calculated a shortage of $2,891 in your Severance Fund benefit. Without an explanation as to how Mr. Frumkin arrived at this alleged "shortage," the Severance Fund is unable to respond this allegation. However, as explained above, the Severance Fund is confident that you received the correct amount.

Second, you have demanded that the Funds produce to you a copy of an unidentified "collective bargaining agreement" (the "CBA"). Although the Funds are unclear as to the document you are requesting, they are confident that there is no CBA that would alter the outcome of the issues you have presented.

Third, you have referred to a court order from the Honorable Vincent L. Briccetti (attached as Exhibit 6) that denied your order to show cause to support for your allegations that you were not paid the correct amount from the Funds. The only legal conclusion reached by Judge Briccetti in the order was that you failed to meet your burden to show irreparable harm and, for that reason, the court denied your order to show cause. The first several pages of the Judge's order was merely a restatement of the facts as you alleged them, not an opinion as to whether the facts you alleged were true or correct. The order did result in any decisions by this Court that are beneficial to your case.

Proskauer≫

Ms. Margaret Doran
August 14, 2014
Page 4

    We hope that the information provided in this letter (and the attachments) addresses all of your concerns and persuades you to withdraw your complaint.

Sincerely,

Anthony Cacace

Enclosures

cc    The Honorable Cathy Seibel (w/enclosures by UPS Next Day Delivery & Email)

ECF,PRO-SE

# U.S. District Court
## Southern District of New York (White Plains)
## CIVIL DOCKET FOR CASE #: 7:14-cv-01672-CS

Doran v. Proskauer Rose L.L.P.                          Date Filed: 03/10/2014
Assigned to: Judge Cathy Seibel                         Jury Demand: Plaintiff
Cause: 28:1331 Fed. Question: Other                     Nature of Suit: 440 Civil Rights: Other
                                                        Jurisdiction: Federal Question

**Plaintiff**

**Margaret Doran**                       represented by **Margaret Doran**
                                                        5 Circuit Road
                                                        Apt. A#33
                                                        New Rochelle, NY 10805
                                                        PRO SE

V.

**Defendant**

**Proskauer Rose L.L.P.**                represented by **Anthony Silverio Cacace**
                                                        Proskauer Rose LLP (NY)
                                                        11 Times Square
                                                        New York, NY 10036
                                                        (212) 969-3000
                                                        Fax: (212) 969-2900
                                                        Email: acacace@proskauer.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Russell Hirschhorn, Esq**              represented by **Anthony Silverio Cacace**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Amber Ward, Esq.**                     represented by **Anthony Silverio Cacace**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Michael Edmonds**                      represented by **Anthony Silverio Cacace**
                                                        (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Local 813 & 1034 Severance and**      represented by   **Anthony Silverio Cacace**
**Retirement Trust Fund**                                 (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/10/2014 | 1 | REQUEST TO PROCEED IN FORMA PAUPERIS. Document filed by Margaret Doran.(laq) (Entered: 03/11/2014) |
| 03/10/2014 | 2 | COMPLAINT against Proskauer Rose L.L.P., Russell Hirschhorn, Esq, Amber Ward, Esq., Michael Edmonds , Local 813 & 1034 Severance and Retirement Trust Fund. . Document filed by Margaret Doran. (Attachments: # 1 cmp part 2)(laq) Modified on 3/25/2014 (laq). (Entered: 03/11/2014) |
| 03/10/2014 |  | Case Designated ECF. (laq) (Entered: 03/11/2014) |
| 03/10/2014 | 3 | UNSIGNED ORDER TO SHOW CAUSE filed by Margaret Doran. (laq) (Entered: 03/11/2014) |
| 03/12/2014 | 4 | ORDER GRANTING IFP APPLICATION: Leave to proceed in this Court without prepayment of fees is authorized. 28 U.S.C. § 1915. (Signed by Judge Loretta A. Preska on 3/12/2014) (vj) (Entered: 03/13/2014) |
| 03/18/2014 |  | NOTICE OF CASE ASSIGNMENT to Judge Vincent L. Briccetti. Judge Unassigned is no longer assigned to the case. (pgu) (Entered: 03/18/2014) |
| 03/18/2014 |  | Magistrate Judge Lisa M. Smith is so designated. (pgu) (Entered: 03/18/2014) |
| 03/19/2014 |  | Mailed notice re: Notice of Case Assignment/Reassignment to the Plaintiff (s) of record. (sbr) (Entered: 03/19/2014) |
| 03/19/2014 | 6 | ORDER OF SERVICE: The Court denies plaintiff's application for an order to show cause. The Clerk is instructed to send plaintiff one U.S. Marshals Service Process Receipt and Return form for each defendant so they may be served as provided. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). SO ORDERED. USM-285 Form due by 4/18/2014. Request for Issuance of Summons due by 4/18/2014. (Signed by Judge Vincent L. Briccetti on 3/19/2014) Copies Mailed By Chambers. (mml) (Entered: 03/20/2014) |
| 03/20/2014 |  | FRCP 4 (Information Package Mailed) to plaintiff at the address noted on the complaint/court's docket on 03/20/2014 via Certified Mail # 70022410000514415417. The information package included: Initial Case Memo Letter, a copy of the Order Granting In Forma Pauperis Application |

| | | |
|---|---|---|
| | | (IFP), United States Marshal (U.S.M.-285) forms (One For Each Defendant), Judge's individual rules, instructions on how to file a motion and opposition, instructions on filing an amended complaint, application for counsel, a consent to proceed before a Magistrate Judge, and affirmation of service forms. (vj) (Entered: 03/20/2014) |
| 03/20/2014 | | Mailed a copy of 6 Order of Service, to Margaret Doran. (vj) (Entered: 03/20/2014) |
| 04/08/2014 | | SUMMONS ISSUED as to Amber Ward, Esq., Michael Edmonds, Local 813 & 1034 Severance and Retirement Trust Fund, Proskauer Rose L.L.P., Russell Hirschhorn, Esq. (vj) (Entered: 04/08/2014) |
| 04/08/2014 | | FRCP 4 Service Package Hand Delivered to U.S.M.: Package hand delivered to U.S.M. on 4/8/2014. (vj) (Entered: 04/08/2014) |
| 04/29/2014 | 7 | NOTICE OF APPEARANCE by Anthony Silverio Cacace on behalf of Amber Ward, Esq., Michael Edmonds, Local 813 & 1034 Severance and Retirement Trust Fund, Proskauer Rose L.L.P., Russell Hirschhorn, Esq. (Cacace, Anthony) (Entered: 04/29/2014) |
| 04/29/2014 | 8 | LETTER addressed to Judge Vincent L. Briccetti from Anthony S. Cacace dated April 29 2014 re: letter to the judge asking for the case to be deemed related to an earlier case. Document filed by Amber Ward, Esq., Michael Edmonds, Local 813 & 1034 Severance and Retirement Trust Fund, Proskauer Rose L.L.P., Russell Hirschhorn, Esq.(Cacace, Anthony) (Entered: 04/29/2014) |
| 04/29/2014 | 9 | CERTIFICATE OF SERVICE of Notice of Appearance, Letter to judge Briccetti served on Margaret Doran on 4/29/2014. Service was made by ups next day delivery. Document filed by Amber Ward, Esq., Michael Edmonds, Local 813 & 1034 Severance and Retirement Trust Fund, Proskauer Rose L.L.P., Russell Hirschhorn, Esq. (Cacace, Anthony) (Entered: 04/29/2014) |
| 05/02/2014 | 10 | LETTER addressed to Judge Vincent L. Briccetti from Margaret Doran dated 5/2/2014 re: For my reasons stated in #1-6 this case is not identical to Case 11cv1959 (CS). Thank you for the consideration of the matter. Document filed by Margaret Doran.(rj) (Entered: 05/02/2014) |
| 05/06/2014 | 11 | MEMO ENDORSEMENT on re: 8 Letter, filed by Amber Ward, Esq., Proskauer Rose L.L.P., Michael Edmonds, Local 813 & 1034 Severance and Retirement Trust Fund, Russell Hirschhorn, Esq. ENDORSEMENT: The Court has reviewed defendants' letter of April 29, 2014, asking the Court to transfer this case to the Honorable Cathy Seibel, who presided over a related case (Doran v. Edmonds, 11CV1959). The Court has also reviewed plaintiff's May 2,2014 letter in response. (Docs. ##8,10) The Court has conferred with Judge Seibel, and we agree that the two cases are related, as that term is defined in the local rules, and that this case should be transferred to Judge Seibel. Accordingly, defendants' request is GRANTED. The Clerk is instructed to reassign this case to Judge Seibel. (Signed by Judge Vincent L. Briccetti on 5/6/2014) Copies Mailed By Chambers. (rj) (Entered: 05/06/2014) |

| 05/06/2014 | ⬤ | Transmission to Case Assignment Clerk. Transmitted re: 11 Memo Endorsement, to the Case Assignment Clerk for preparation of notice of case assignment/reassignment. (rj) (Entered: 05/06/2014) |
| 05/06/2014 | ⬤ | NOTICE OF CASE REASSIGNMENT to Judge Cathy Seibel. Judge Vincent L. Briccetti is no longer assigned to the case. (pgu) (Entered: 05/06/2014) |
| 05/07/2014 | ⬤ | Mailed notice re: Notice of Case Assignment/Reassignment to the Plaintiff (s) of record. (sbr) (Entered: 05/07/2014) |
| 05/09/2014 | ⬤ 12 | MARSHAL'S PROCESS RECEIPT AND RETURN OF SERVICE EXECUTED. Summons and Complaint served. Local 813 & 1034 Severance and Retirement Trust Fund served on 4/29/2014, answer due 6/30/2014. Service was made by Mail, signed and returned by Michael Edmonds, Pension Coordinator. Document filed by Margaret Doran. (sc) (Entered: 05/14/2014) |
| 05/09/2014 | ⬤ 13 | MARSHAL'S PROCESS RECEIPT AND RETURN OF SERVICE EXECUTED. Summons and Complaint served. Michael Edmonds served on 4/29/2014, answer due 6/30/2014. Service was made by Mail, signed and returned by Michael Edmonds, Pension Coordinator. Document filed by Margaret Doran. (sc) (Entered: 05/14/2014) |
| 05/09/2014 | ⬤ 14 | MARSHAL'S PROCESS RECEIPT AND RETURN OF SERVICE EXECUTED. Summons and Complaint served. Russell Hirschhorn, Esq served on 4/29/2014, answer due 6/30/2014. Service was made by Mail, signed and returned by Anthony Cacace, Esq. Document filed by Margaret Doran. (sc) (Entered: 05/14/2014) |
| 05/09/2014 | ⬤ 15 | MARSHAL'S PROCESS RECEIPT AND RETURN OF SERVICE EXECUTED. Summons and Complaint served. Amber Ward, Esq. served on 4/29/2014, answer due 6/30/2014. Service was made by Mail, signed and returned by Anthony Cacace, Esq. Document filed by Margaret Doran. (sc) (Entered: 05/14/2014) |
| 05/09/2014 | ⬤ 16 | MARSHAL'S PROCESS RECEIPT AND RETURN OF SERVICE EXECUTED. Summons and Complaint served. Proskauer Rose L.L.P. served on 4/29/2014, answer due 6/30/2014. Service was made by Mail, signed and returned by Anthony Cicace, Esq. Document filed by Margaret Doran. (sc) (Entered: 05/14/2014) |
| 06/05/2014 | ⬤ 17 | APPLICATION for the Court to Request Pro Bono Counsel. Document filed by Margaret Doran.(sac) (Entered: 06/12/2014) |
| 06/30/2014 | ⬤ 18 | LETTER MOTION for Conference *in connection with motion to dismiss Plaintiff's Complaint* addressed to Judge Cathy Seibel from Anthony S. Cacace, Esq. dated 06/30/2014. Document filed by Amber Ward, Esq., Michael Edmonds, Local 813 & 1034 Severance and Retirement Trust Fund, Proskauer Rose L.L.P., Russell Hirschhorn, Esq.(Cacace, Anthony) (Entered: 06/30/2014) |
| 06/30/2014 | ⬤ 19 | |

| | | |
|---|---|---|
| | | CERTIFICATE OF SERVICE of Defendant's Pre-Motion Letter on 06/30/2014. Service was made by Mail. Document filed by Amber Ward, Esq., Michael Edmonds, Local 813 & 1034 Severance and Retirement Trust Fund, Proskauer Rose L.L.P., Russell Hirschhorn, Esq. (Cacace, Anthony) (Entered: 06/30/2014) |
| 07/01/2014 | 20 | ORDER granting 18 Letter Motion for Conference: Pre-Motion Conference set for 8/1/2014 at 10:30 AM in Courtroom 621, 300 Quarropas Street, White Plains, NY 10601 before Judge Cathy Seibel. Defendants' counsel is directed to send a copy of this text-only order by mail to Plaintiff. (HEREBY ORDERED by Judge Cathy Seibel)(Text Only Order) Copies of Notice of Electronic Filing To Be Mailed By Clerks Office. (Seibel, Cathy) (Entered: 07/01/2014) |
| 07/02/2014 | | Mailed a copy of 20 Order on Motion for Conference, to Margaret Doran 5 Circuit Road Apt. A#33 New Rochelle, NY 10805 (nt) (Entered: 07/02/2014) |
| 07/02/2014 | 21 | CERTIFICATE OF SERVICE of true copy of Court's Text Only Order dated 7/1/2014 served on Margaret Doran, Pro Se Plaintiff on 7/1/2014. Service was made by Mail. Document filed by Amber Ward, Esq., Michael Edmonds, Local 813 & 1034 Severance and Retirement Trust Fund, Proskauer Rose L.L.P., Russell Hirschhorn, Esq. (Cacace, Anthony) (Entered: 07/02/2014) |
| 07/07/2014 | 22 | ORDER: Plaintiff's Application for the Court to Request Counsel, (Doc. 17), is denied without prejudice to renewal at a later stage of the case, when I can better assess the likely merit of her claims. The Clerk of Court is respectfully directed to terminate Doc. 17. Plaintiff should appear on her own behalf at the upcoming conference on August 1, 2014 at 10:30 a.m., and no later than July 25, 2014, she should submit a letter, not to exceed three pages, stating her position as to the grounds for Defendants' anticipated motion to dismiss, as set forth on pages 2-3 of Mr. Cacaces' June 30, 2014 letter. SO ORDERED. (Signed by Judge Cathy Seibel on 7/7/2014) (lnl) (Entered: 07/08/2014) |
| 07/07/2014 | | Transmission to Docket Assistant Clerk. Transmitted re: 22 Order, to the Docket Assistant Clerk for case processing. (lnl) (Entered: 07/08/2014) |
| 07/08/2014 | | Mailed a copy of 22 Order on Application for the Court to Request Counsel, to Margaret Doran 5 Circuit Road Apt. A#33 New Rochelle, NY 10805 (nt) (Entered: 07/08/2014) |
| 07/08/2014 | 23 | LETTER addressed to Chambers from Margaret Doran dated 7/7/2014 re: Plaintff writes: Attached is Defendants Response to my complaint, My affirmation in opposition to motion. Document filed by Margaret Doran. (lnl) (Entered: 07/09/2014) |
| 07/25/2014 | 24 | AFFIRMATION of Margaret Doran in Opposition to Motion. Document filed by Margaret Doran. (sac) (Entered: 07/29/2014) |
| 08/01/2014 | | Minute Entry for proceedings held before Judge Cathy Seibel: Pre-Motion Conference held on 8/1/2014. Defense counsel (Mr. Cacace) to send plaintiff |

| | | |
|---|---|---|
| | | a letter explaining all calculations in plain English, and attach all relevant documents, by August 15, 2014. If Plaintiff still believes she is correct, she may file an amended complaint by August 25, 2014. If Plaintiff is not going to amend her complaint, the Court will dismiss the case. If Amended Complaint is filed, defendant to serve motion to dismiss by October 1, 2014; Opposition October 19, 2014; reply November 12, 2014. See transcript. (Amended Pleadings due by 8/25/2014) (Court Reporter Albi Gorn) (lnl) (Entered: 08/04/2014) |
| 08/25/2014 | 🔵 25 | LETTER addressed to Judge Cathy Seibel from Anthony S. Cacace dated 8/14/2014 re: Letter to Pro Se Plaintiff as Required by Judge Seibel's Order dated 8/4/2014. Document filed by Amber Ward, Esq., Michael Edmonds, Local 813 & 1034 Severance and Retirement Trust Fund, Proskauer Rose L.L.P., Russell Hirschhorn, Esq. (Attachments: # 1 Exhibits 1 - 6)(Cacace, Anthony) (Entered: 08/25/2014) |